**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re: | Case No 19-03843-jwb |
| PATRICK JAMES WALKER, | Chapter 7 |
|     Debtor. | Hon. James W. Boyd |
| _____ | |
| ERIC CORDEIRO SPINETTI S. R. MATTA and FERNANDA QUINTANILHA, | |
|     Plaintiffs, | Adversary Proceeding No _____ |
| v. | |
| PATRICK JAMES WALKER, | |
|     Defendant. | |
| _____/ | |

**ADVERSARY PROCEEDING COMPLAINT**

Plaintiffs Eric Cordeiro Spinetti S. R. Matta and Fernanda Quintanilha (the "Plaintiffs"), in this Complaint against Defendant-Debtor Patrick James Walker (the "Debtor"), respectfully allege:

**INTRODUCTION**

1.      On September 10, 2019, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Michigan.

2. On October 7, 2019, the Debtor's duly noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on December 6, 2019.

5. This is an adversary proceeding in which the Plaintiff-Creditors are seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiffs under Bankruptcy Code §§ 523(a)(2)(A) and objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A).

## JURISDICTION

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

8. Plaintiffs consent to entry of a final order of judgment by this Court.

## PARTIES

9. Plaintiffs are married individual residents of Kent County, Michigan.

10. Defendant is a judgment debtor of Plaintiffs.

11. Defendant is the Debtor in the above-captioned case and all relevant times resided in Kent County, Michigan.

## FACTUAL BACKGROUND

12. Plaintiffs, after moving to the United States from Brazil, decided to purchase a vehicle for personal use.

13. On or about March of 2018, Plaintiffs located a Ford Escape that was being sold by Debtor on the Facebook Marketplace.

14. Debtor was using the false name "James Jenkins" on Facebook to list the vehicle for sale.

15. Debtor's ad made false statements such as that the vehicle was his "wife's daily driver" and that the vehicle only needed an alignment and that "everything else is fine."

16. Debtor did not disclose work he had done on the vehicle, nor that he did not know the maintenance history of the vehicle.

17. On or about March 4, 2018, Plaintiffs contacted Debtor through Facebook to inquire about the vehicle he was selling.

18. Debtor made various false and fraudulent representations regarding the vehicle's condition and history to Plaintiffs in the course of the sale of the vehicle, unbeknownst to Plaintiffs.

19. Debtor's false and fraudulent representations reasonably induced Plaintiffs to purchase the vehicle from Debtor.

20. Plaintiffs purchased the vehicle from the Debtor for a total of $2,300.00 in cash.

21. The vehicle was defective at the time it was sold to Plaintiffs.

22. Less than a week after purchasing the vehicle, Plaintiffs were unable to start the vehicle and had it towed to their home.

23. After being unable to diagnose the problem with the vehicle, Plaintiffs were forced to have the vehicle towed to an auto shop for diagnosis and repair.

24. Upon taking the vehicle to an auto repair shop, Plaintiffs learned that repair of the vehicle would cost more than the vehicle itself.

25. On April 17, 2018, Plaintiffs initiated a lawsuit in the Small Claims Division of the 61st District Court in Grand Rapids, Michigan against Debtor, after Debtor refused to respond to Plaintiffs' repeated requests to repair or return the vehicle, or to otherwise communicate regarding the problems with the vehicle.

26. On the date of trial in Small Claims Court (May 15, 2018), Debtor chose to have the case removed to the 61st District Court.

27. Subsequent to removal, Plaintiffs filed their First Amended Complaint (Exhibit A).

28. The First Amended Complaint included multiple claims: Count I – Breach of Express and Implied Warranties; Count II – Revocation of Acceptance; Count III – Liability Under the Magnus-Moss Warranty Act; Count IV – Violation of the Michigan Consumer Protection Act; Count V – Fraudulent Misrepresentation; Count VI – Innocent Misrepresentation; Count VII – Exemplary Damages; Count VIII – Breach of Contract.

29. The 61st District Court held a bench trial that concluded on June 13, 2019.

30. During trial, Debtor admitted that he had not kept any records of the vehicles he sold, as required by Michigan law.

31. Debtor further admitted during trial that he was buying and selling vehicles during 2017 and 2018 with the express purpose of reselling those vehicles.

32. During trial, it was shown the Debtor defrauded Plaintiffs through, *inter alia*, failing to disclose defects in the vehicle, failing to honor statutory warranties, and engaging in actions that are prohibited by the Michigan Consumer Protection Act.

33. During trial, it was further demonstrated the Debtor instructed buyers to put falsely low sales prices on vehicle titles.

34. The Court found for Plaintiffs on Counts I through VI of the First Amended Complaint.

35. As part of its factual findings, the Court concluded, *inter alia*, that:

   a. Debtor was an unlicensed vehicle dealer as defined under Michigan law;

   b. Debtor was a merchant under Michigan's Uniform Commercial Code;

   c. Debtor was engaged in trade or commerce as defined under Michigan's Consumer Protection Act;

   d. Debtor had violated warranties under state and federal law;

   e. Debtor had refused to accept Plaintiffs' proper revocation of acceptance under Michigan's Uniform Commercial Code;

   f. Debtor had violated multiple sections of the Michigan Consumer Protection Act; and

   g. Debtor had defrauded Plaintiffs;

36. On July 17, 2019, the Court entered its judgment (the "Judgment") in favor of Plaintiffs in the amount of $3,699.96 in damages, $366.92 in costs, and $10,220.00 in attorney's fees, for a total of $14,286.88 (Exhibit B).

37. In Debtor's Petition Form 106E/F, Debtor incorrectly listed Plaintiffs' Judgment amount as being $11,140.00 (Doc. No. 1, page 23 of 52).

38. On September 10, 2019, Debtor filed in this case an affidavit under penalty of perjury that he "did not work in 2017 or 2018" and that he was "not required to file taxes for the years 2017 or 2018."

39. This affidavit is false in that Debtor was in the business of buying and selling vehicles in 2017 and 2018 and received substantial income in 2017 and 2018 from the purchase and sale of those vehicles.

40. On information and belief, Debtor bought and sold at least 15 vehicles in 2017 for profit as part of a business venture.

41. On information and belief, Debtor bought and sold at least 15 vehicles in 2018 for profit as part of a business venture.

42. For example, Debtor purchased the vehicle sold to Plaintiffs for $854.75 and sold it for $2,300, netting Debtor $1,445.25 in income. This sale is not listed on Debtor's Petition Form 107, Part 7 (Doc. No. 1, pp 37-38 of 52).

43. Debtor was a merchant, unlicensed vehicle dealer, and engaged in trade and commerce in 2017 and 2018, as defined by state and federal law.

44. On information and belief, Debtor did not retain any records for any of the vehicles he purchased or sold in 2017 or 2018.

45. In Debtor's Petition Form 107, Part 2, Debtor falsely certified under penalty of perjury that he did not have any business income during the two calendar years prior to the filing of his bankruptcy petition, and Debtor falsely listed "other" income as $1.00 each in 2017 and 2018 (Doc. No. 1, page 34 of 52).

46. In Debtor's Petition Form 107, Part 3, Debtor falsely certified under penalty of perjury that he did not own a business or have any connection to any business in the four years prior to the filing of his bankruptcy petition (Doc. No. 1, page 39 of 52).

## COUNT I – NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

47. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 46 of this Complaint as if set forth herein.

48. The Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

>   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>   …
>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>   >   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

49. All or part of the debt owed to Plaintiffs, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

## COUNT II – OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

50. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 49 of this Complaint as if set forth herein.

51. The Bankruptcy Code § 727(a)(3) provides, in relevant part, that:

>   (a) The court shall grant the debtor a discharge, unless—
>   …
>   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

7

52. The Debtor, in the operation of his business of buying and selling automobiles, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

53. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

### COUNT III – OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

54. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 53 of this Complaint as if set forth herein.

55. The Bankruptcy Code § 727(a)(4)(A) provides, in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless—
> …
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;

56. The Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account, in that he represented in the Statement of Financial Affairs attached to his Petition that his income from employment or operation of a business in 2017 and 2018 was zero when in fact his actual income was much greater.

57. The Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account, in that he represented in the Affidavit filed on or about September 10, 2019 that he "did not work" in 2017 or 2018 and that he was not "required to file taxes" for the years 2017 and 2018 when in fact he operated a business buying and selling cars and had significant income therefrom.

58.     The debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account, in that he failed in the Statement of Financial Affairs attached to his Petition to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full or part-time within four years immediately preceding the commencement of the case.

59.     By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment determining that the debt reflected in the Judgment entered in favor of Plaintiffs against the Debtor on July 17, 2019, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A), plus awarding all allowable interest, costs, and attorney's fees, and granting Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

DATED: November 27, 2019

/s/ Jeff Steinport
Steinport Law PLC
Jeff Steinport (P76401)
38 Fulton St W Ste 410
Grand Rapids, MI 49503
jeff.steinport@steinportlaw.com
616-293-5056